O

# United States District Court
# Central District of California

| | |
|---|---|
| FISCHLER KAPEL HOLDINGS, LLC, et al., <br><br> Plaintiffs, <br> v. <br><br> FLAVOR PRODUCERS, LLC, et al., <br><br> Defendants. | Case № 2:19-cv-10309-ODW (GJSx) <br><br> **ORDER DENYING COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS [85]** |

## I.   INTRODUCTION

On August 30, 2021, Defendant Flavor Producers, LLC brought a Counterclaim against Plaintiffs and Counterclaim-Defendants Richard Fischler and Paula Kapel. (Countercl., ECF No. 81.)  Before the Court is Counterclaim-Defendants' Motion to Dismiss Counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Mot."), ECF No. 85.)  The Motion is fully briefed.  (Opp'n, ECF No. 90; Reply, ECF No. 91.)  For the reasons that follow, Counterclaim-Defendants' Motion is **DENIED**.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

For purposes of this Rule 12(b)(6) motion, the Court accepts Flavor Producers's well-pleaded allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

In April 2017, Flavor Producers and non-party Creative Concepts Holdings, Inc. ("Creative Holdings") entered into an Asset Purchase Agreement ("APA")[2] with Fischler and Kapel and their company Creative Flavor Concepts, Inc. ("CFC"). (Countercl. ¶¶ 29–30; *see also* Decl. Richard Fischler ("Fischler Decl.") ¶ 3, Ex. B ("APA"), ECF No. 87.) As part of the agreement, Flavor Producers, referred to as "Flavor Buyer" in the APA, agreed to purchase from CFC certain "Flavor Assets," which included portions of CFC's business and associated customer contracts. (*See* APA 2, 6.) Additionally, Creative Holdings, referred to as "Buyer" in the APA, agreed to purchase from CFC other "Assets" consisting of much of the remaining portions of CFC's business. (*See id.* at 2, 7–8.)

Article 7 of the APA sets forth several representations and warranties expressly made "[a]s an inducement to Buyer to enter this Agreement." (*See* Countercl. ¶ 66; APA 17–30.) Of relevance, the APA attested to the accuracy of two exhibits listing TruYou Health ("TruYou") as a current and active customer of CFC responsible for generating annual sales exceeding one million dollars. (Countercl. ¶¶ 23–24, 28, 45, 67.) In actuality, TruYou was no longer one of CFC's customers. (*Id.* ¶¶ 55, 67.) Prior to July 2015, TruYou had contracted to buy products from CFC that TruYou in turn sold to Interush Media, LLC. (*Id.* ¶¶ 46, 53.) However, in July 2015, CFC entered into an agreement with TruYou pursuant to which CFC could sell its products directly to Interush in exchange for royalty-type payments to TruYou ("TruYou Agreement"). (*Id.* ¶ 54.) TruYou thereafter stopped purchasing CFC products. (*Id.* ¶ 55.) Despite being aware of the above circumstances, Fischler and Kapel deliberately misrepresented

---

[2] Flavor Producers's Counterclaim makes extensive reference to, and is substantially based on, the APA. (*See, e.g.*, Countercl. ¶¶ 30, 34.) Accordingly, the Court deems the APA incorporated into the Counterclaim by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

TruYou as being a CFC customer. (*Id.* ¶ 67.) Relatedly, Flavor Producers contends that, although Article 7 of the APA represented that another exhibit to the APA listed all of CFC's existing obligations, Fischler and Kapel intentionally omitted the TruYou Agreement from that exhibit. (*Id.* ¶¶ 69–71.)

In December 2016, CFC breached the TruYou Agreement by selling products to Interush without making the required royalty payments to TruYou under the TruYou Agreement. (*Id.* ¶ 58.) Nevertheless, in the APA, which the parties executed in April 2017, Fischler and Kapel represented to Flavor Producers that there were "no Claims, counterclaims, actions, suits, countersuits, proceedings, or investigations pending or, to the best knowledge of [Fischler, Kapel, and CFC], threatened against or affecting [CFC]." (*Id.* ¶ 85; APA 18.) At the time Flavor Producers agreed to the APA, it was not aware of CFC's breach. (Countercl. ¶ 85.)

In late 2017, after the APA was executed, TruYou filed a lawsuit against Fischler, CFC, and Flavor Producers based on CFC's breach of the TruYou Agreement ("TruYou Litigation"). (*Id.* ¶¶ 87–88.) Flavor Producers incurred substantial costs defending itself and eventually reached a settlement agreement with TruYou. (*Id.* ¶ 89.)

Under Article 14 of the APA, Fischler and Kapel agreed to indemnify and hold harmless the "Buyer Parties," which the APA defined as referring to Flavor Producers and Creative Holdings, with respect to "any Claim, suit, demand, action, cause of action, loss, cost, damage, Claim, expense, fine, penalty, or other amount . . . suffered or incurred by Buyer" resulting from Fischler's or Kapel's breach of an obligation under the APA. (Countercl. ¶ 95; APA 39.) Fischler and Kapel also agreed to indemnify and hold harmless the "Buyer Parties" for all of CFC's liabilities and contingent liabilities existing at the time the APA was executed. (Countercl. ¶ 96; *see also* APA 2, 39.) Nevertheless, Fischler and Kapel refused to indemnify Flavor Producers for the costs it incurred in the TruYou Litigation. (Countercl. ¶ 99.)

Flavor Producers now brings claims for (1) fraudulent inducement, (2) breach of representations and warranties, (3) breach of the indemnification provisions of the

APA, and (4) violation of California's Unfair Competition Law. (*See* Countercl. ¶¶ 63–107.) Fischler and Kapel move to dismiss each of these claims. (*See generally* Mot.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim—to survive a dismissal motion. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### IV.   DISCUSSION

For the following reasons, each of Flavor Producers's four counterclaims is sufficiently pleaded and will not be dismissed at this stage.

**A.   Fraudulent Inducement**

To plead a claim for fraudulent inducement under California law, a plaintiff must allege (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud,

(4) justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Here, Flavor Producers properly alleges each of these required elements. Flavor Producers points to multiple misrepresentations that Fischler and Kapel made under Article 7 of the APA. For example, Article 7 states that TruYou was a CFC customer responsible for bringing in over a million dollars in annual revenue when, according to Flavor Producers, TruYou brought in no annual revenue and instead represented a liability to CFC. (Countercl. ¶ 67.) Flavor Producers further alleges that, despite knowing these statements were false, Fischler and Kapel made them in order to induce Flavor Producers into accepting the APA. (*Id.* ¶ 76.) Flavor Producers contends that it relied on these misrepresentations, present in the APA itself, when it agreed to the terms of the APA. (*Id.* ¶¶ 77–78.) Finally, Flavor Producers maintains that if it had known the truth underlying Fischler's and Kapel's various misrepresentations, it would not have entered into the APA and would have avoided losses associated with the transaction of no less than $12.8 million. (*Id.* ¶¶ 79–81.)

Fischler and Kapel primarily argue that any misrepresentations they may have made were directed at Creative Holdings, and not to Flavor Producers, and that any intent to defraud was similarly limited in scope to Creative Holdings. (*See* Mot. 7–8.) In support of their argument, Fischler and Kapel point out that the representations in Article 7 of the APA, upon which Flavor Producers allegedly relied, were preceded by the words "[a]s an inducement to Buyer to enter this Agreement, Seller Parties hereby jointly and severally represent, warrant and agree." (*See id.*; APA 17.) Fischler and Kapel reason that, because "Buyer" refers only to Creative Holdings, any misrepresentations that followed necessarily apply only to Creative Holdings and not to Flavor Producers.

The Court disagrees. The prefatory statement to which Fischler and Kapel point represents nothing more than the fact that the parties agreed in an express writing that the representations in Article 7 were made in order to induce Creative Holdings to enter into the agreement. Thus, the exclusion of Flavor Producers from the prefatory

1  statement does not necessarily mean that the representations in Article 7 were not also
2  made to Flavor Producers.  Flavor Producers was party to the APA, and it is illogical to
3  hold on the basis of contractual language that the representations in the APA could be
4  the basis for one contracting party's fraud claim but not the other's.  Fraudulent
5  inducement, after all, sounds in tort, not in contract, *Hinesley v. Oakshade Town Ctr.*,
6  135 Cal. App. 4th 289, 294 (2005), so the contents of the contract do not change the
7  essential wrongful nature of the misrepresentation.

8        Moreover, to the extent Fischler and Kapel argue that the APA acts as a limitation
9  on their liability for intentional misrepresentations, this argument is not well taken.  "A
10  party to a contract who has been guilty of fraud in its inducement cannot absolve himself
11  or herself from the effects of his or her fraud by any stipulation in the contract . . . ."
12  *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 794 (2008).  Thus, even if the
13  prefatory statement contained stronger language explicitly stating that the Article 7
14  representations were meant to induce only Creative Holdings's acceptance of the APA,
15  and not Flavor Producers's acceptance of the APA, such a disclaimer would be
16  ineffective at limiting Fischler's and Kapel's liability to Flavor Producers.  *See* Cal. Civ.
17  Code § 1668 ("All contracts which have for their object, directly or indirectly, to exempt
18  anyone from responsibility for his own fraud, . . . whether willful or negligent, are
19  against the policy of the law.").

20        Fischler and Kapel argue that the prefatory statement constitutes evidence that
21  any intent to defraud was directed at Creative Holdings and not at Flavor Producers.
22  (*See* Reply 7–8.)  But Flavor Producers alleges facts making it plausible that Fischler
23  and Kapel intended to defraud Flavor Producers, too.  Flavor Producers alleges that
24  Fischler and Kapel, the controlling shareholders and operators of CFC, made several
25  written misrepresentations in agreeing to sell CFC assets to both Creative Holdings and
26  Flavor Producers.  (Countercl. ¶¶ 36–45; *see generally* APA.)  These
27  misrepresentations tended to overrepresent the value of CFC, and it is plausible that
28

Fischler and Kapel intended that Flavor Producers, who was also buying CFC assets, would rely on the misrepresentations as well. (*See* Countercl. ¶¶ 69–75, 78.)

Finally, Fischler and Kapel argue that Flavor Producers has failed to plead justifiable reliance. (*See* Mot. 8–9.) They claim that because any misrepresentations in Article 7 were made to Creative Holdings, Flavor Producers was not justified in relying on them. However, reading the allegations in a light most favorable to Flavor Producers, it is clear that Flavor Producers, as a signatory to the APA, could have reasonably relied on all the statements in the APA, including those expressly designated as made to induce Creative Holdings's acceptance.

Accordingly, the Motion is **DENIED** as to Flavor Producers's first counterclaim.

**B.     Breach of Representations and Warranties**

Flavor Producers's second claim is for breach of contract. Flavor Producers alleges that Fischler and Kapel breached certain representations and warranties in the APA which ultimately led to damages arising from the TruYou litigation. (Countercl. ¶ 89.) To plead a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Flavor Producers satisfies these requirements. First, Flavor Producers bases its claim on the APA, a contract that Flavor Producers, Fischler, Kapel, CFC, and Creative Holdings entered into in April 2017. (Countercl. ¶ 83.) Second, Flavor Producers details its performance under the contract. (*See id.* ¶¶ 50, 84.) Third, section 7.3 of the APA represented that neither Fischler nor Kapel had knowledge of any facts that would provide the basis for a lawsuit that could, if adversely decided, have a material adverse effect on CFC. (*Id.* ¶ 85; APA 18.) Flavor Producers alleges that Fischler and Kapel breached this portion of the contract because they did, in fact, have knowledge of an imminent action by TruYou against CFC based on CFC's breach of the TruYou Agreement. (Countercl. ¶ 86.) Finally, Flavor Producers claims that it incurred

substantial costs defending and ultimately settling an unanticipated lawsuit by TruYou. (*Id.* ¶¶ 87–89.) These allegations state a plausible claim.

Fischler and Kapel again point to the prefatory statement in Article 7 of the APA to argue that section 7.3 applies only to Creative Holdings and not to Flavor Producers. (*See* Mot. 9.) Their argument remains unpersuasive. Fischler's and Kapel's designation of certain contractual obligations "[a]s an inducement to [Creative Holdings] to enter this Agreement" does not invalidate Flavor Producers's right to sue for breach of contract when those obligations were not met. It is at least plausible that the obligations in section 7.3 are owed to both Creative Holdings and Flavor Producers.[3]

Accordingly, the Motion is **DENIED** as to Flavor Producers's second counterclaim.

## C.   Breach of the Indemnification Provisions of the APA

Flavor Producers's third claim also sounds in contract. Flavor Producers alleges that Fischler and Kapel breached section 14.1(a)–(c) of the APA when they refused to indemnify Flavor Producers for the costs it incurred defending and settling the TruYou Litigation. (Countercl. ¶¶ 95–99.)

Sections 14.1(b) and (c) require that Fischler and Kapel indemnify Flavor Producers and Creative Holdings for all of CFC's liabilities and contingent liabilities existing at the time the APA was executed. (APA 39.) Moreover, Flavor Producers alleges that "CFC breached the TruYou-CFC Agreement in December of 2016 by selling products to Interush without making the required payments to TruYou." (Countercl. ¶ 58.) Assuming this allegation to be true, TruYou's claims against CFC had accrued by the closing of the APA, and it is plausible that these claims constitute "liabilities" or "contingent liabilities" as those terms are used in sections 14.1(b) and

---

[3] Fischler's and Kapel's assertion that Article 7 applies only to Creative Holdings and not to Flavor Producers is further undermined by the fact that Article 7 elsewhere references "Buyer Parties," *i.e.*, Creative Holdings and Flavor Producers. (*See* APA 17–18 ("The Buyer Parties acknowledge . . . ."; "The Buyer Parties understand . . . ."; "The Buyer Parties further acknowledge . . . .; "Buyer Parties understand and agree . . . .").)

(c). Therefore, Flavor Producers adequately pleads a claim for indemnity based on section 14.1 of the APA. The Motion is **DENIED** as to Flavor Producers's third counterclaim.

D.   **Violation of California's Unfair Competition Law**

The California Unfair Competition Law ("UCL") prohibits unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. Fischler and Kapel argue that Flavor Producers fails to allege facts showing unlawful or unfair behavior, and that, to the extent it attempts to allege fraud, those allegations are insufficient. (Mot. 8.) Here, however, the facts that Flavor Producers alleges in support of its fraudulent inducement claim are sufficient to support its UCL claim based on fraudulent business practices. *Cf. Fairbanks v. Farmers New World Life Ins. Co.*, 197 Cal. App. 4th 544, 561 (2011) ("[T]he elements a plaintiff must prove to establish a fraudulent business practices cause of action under the UCL are more favorable to plaintiffs than those for common law fraudulent inducement . . . ."). The UCL claim is therefore sufficient on the "fraudulent" prong and will not be dismissed. The Motion is **DENIED** as to Flavor Producers's fourth counterclaim.

## V.   CONCLUSION

For these reasons, Fischler's and Kapel's Motion to Dismiss Counterclaims is **DENIED**. (ECF No. 85.)

**IT IS SO ORDERED.**

February 4, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**