Cyndie Chang (SBN: 227542)
Robert Kum (SBN: 185530)
**DUANE MORRIS LLP**
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Email: CMChang@duanemorris.com
       RKum@duanemorris.com

Deanna J. Lucci (SBN: 323276)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101
Telephone: 619.744.2200
Email: DJLucci@duanemorris.com

Diane J. Kim (SBN: 329700)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105
Telephone: 415.957.3000
Email: DJKim@duanemorris.com

Attorneys for Defendants/Counter-Claimant
FLAVOR PRODUCERS, LLC and
JEFFREY HARRIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISCHLER KAPEL HOLDINGS, LLC, RICHARD FISCHLER, and PAULA KAPEL,<br><br>Plaintiffs,<br><br>v.<br><br>FLAVOR PRODUCERS, LLC and JEFFREY HARRIS,<br><br>Defendants. | Case No.: 2:19-CV-10309-FWS-GJS<br><br>**DEFENDANTS/COUNTER-CLAIMANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO DEFENDANTS' INSURANCE COVERAGE**<br><br>**[No. 7 of 13]**<br><br>Pre-Trial Conf.: September 7, 2023<br>Trial Date: September 19, 2023<br>Time: 8:30 a.m.<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D |
| FLAVOR PRODUCERS, LLC,<br><br>Counter-Claimant,<br><br>v.<br><br>RICHARD FISCHLER and PAULA KAPEL,<br><br>Counter-Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 7, 2023, or as soon as the matter may be heard, before the Honorable Fred W. Slaughter, Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 10D, 10th Floor, defendant/counter-claimant Flavor Producers, LLC and defendant Jeffrey Harris (collectively, "Defendants/Counter-Claimant") will and hereby do move *in limine* for an Order from the Court to exclude any evidence, testimony, or argument relating to any insurance coverage or right to indemnity that Defendants/Counter-Claimant may have that may cover any judgment against either of them in this case, and to forbid any mention of the same ("Motion"). Defendants/Counter-Claimant bring this Motion because even mentioning insurance coverage held by either of them would violate Fed. R. Evid. 411 and would cause a substantial risk that the jury would decide this case on improper grounds (*see* Fed. R. Evid. 403).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Affirmation of Diane J. Kim, and any further briefs, evidence, or argument that may be presented on this motion.

This Motion is made following the conference of counsel pursuant to L.R. 7 3 and L.R. 16-2, which took place on August 10, 2023.

Dated: August 17, 2023                     **DUANE MORRIS LLP**

By: */s/ Cyndie Chang*
Cyndie Chang
Robert Kum
Deanna J. Lucci
Diane J. Kim
Attorneys for Defendants/Counter-Claimant
FLAVOR PRODUCERS, LLC and
JEFFREY HARRIS

1

DEFENDANTS'/COUNTER-CLAIMANT'S MOTION *IN LIMINE* NO. [7]
CASE NO. 2:19-CV-10309-FWS-GJS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and counter-claimant Flavor Producers, LLC ("FPI") ad defendant Jeffrey Harris ("Harris") (collectively, "Defendants/Counter-Claimant") seek to prevent plaintiffs/counter-defendants Richard Fischler ("Fischler") and Paula Kapel ("Kapel"), and plaintiff Fischler Kapel Holdings, LLC ("FKH") (collectively, "Plaintiffs/Counter-Defendants") from mentioning, arguing about, and presenting testimony or evidence about any insurance coverage or other right to indemnity that Defendants/Counter-Claimant may have in place to cover any potential judgment against them in this case. The existence (or non-existence) of insurance or indemnity coverage is routinely barred as evidence to prove liability or wrongdoing, and there is no other reason why insurance-related information would be relevant to Plaintiffs/Counter-Defendants' claims or defenses to counterclaims.

## II. RELEVANT BACKGROUND

Defendants/Counter-Claimant disclosed that FPI has an "insurance policy with Chubb/Westchester Fire Insurance Company" in its Rule 26(a) disclosures on December 13, 2021. (Declaration of Diane J. Kim ("Kim Decl."), ¶ 3; Ex. 1, Defendants Joint Rule 26(a) Initial Disclosures. Defendants/Counter-Claimant also produced an insurance policy (Kim Decl., ¶ 4; Ex. 2) and endorsement (Kim Decl., ¶ 5; Ex. 3) during discovery.

## III. LEGAL ARGUMENT

Motions *in limine* are a well-recognized judicial practice based on "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The Court may grant a motion *in limine* to "exclude inadmissible or prejudicial evidence before it is actually offered at trial." *Jackson v. Cty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016). Such motions "reduce[ ] the likelihood that unduly prejudicial evidence will ever reach the jury, thereby

relieving the trial judge from the formidable task of neutralizing the taint of any prejudicial evidence." *Id.* (citing *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003)).

Insurance coverage falls within the category of "inadmissible or prejudicial evidence" that a court should exclude through an order *in limine*. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Or, as the Ninth Circuit puts it, "Evidence of indemnification is generally inadmissible but may be used to show prejudice or bias of a witness." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1014 (9th Cir. 2008); *see also Zhang v. A-Z Realty & Inv. Corp.*, No. EDCV 19-887, 2021 WL 6883425, *2-3 (C.D. Cal. Sept. 28, 2021) (excluding evidence of plaintiff's insurance under Rule 411 and as more prejudicial than probative where existence of coverage was not in dispute). In fact, courts in this circuit are loath to have any insurance-related information even "reach the ears of the jurors." *Zhang*, 2021 WL 6883425, *2 (quoting *Larez v. Holcomb*, 16 F.3d 1513-1518-19 (9th Cir. 1994)). Based on this clear-cut rule, the Court should bar any mention, argument, evidence, or testimony concerning Defendants/Counter-Claimant's insurance coverage or any other right to indemnity.

As the Ninth Circuit observed in *Hanford*, sometimes "indemnification … may be used to show prejudice or bias of a witness." However, no circumstances exist here that would justify admitting insurance-related evidence despite its substantially prejudicial effect. For example, none of the expected witnesses have any relationship with Defendants/Counter-Claimant's insurer. *Cf. Charter v. Chleborad*, 551 F.2d 246, 249 (8th Cir. 1977). Defendants/Counter-Claimant have not put the financial impact of this litigation at issue or otherwise "opened the door" on insurance matters. *Cf. Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 413-14 (S.D.N.Y. 2003). And there is no evidence in this record that any insurance policy was

a factor that Defendants/Counter-Claimant thought of, let alone meaningfully considered, in making any alleged representation in this case. As a result, any questions or remarks about insurance by Plaintiffs/Counter-Defendants or their counsel would be little more than a prejudicial fishing expedition with no evidentiary support.

## IV.  CONCLUSION

For the reasons herein, Defendants/Counter-Claimant respectfully request that this Court grant this Motion *in limine* and enter an order in the form of the attached proposed order.

Dated: August 17, 2023                **DUANE MORRIS LLP**

By: *Cyndie Chang*
Cyndie Chang
Robert Kum
Deanna J. Lucci
Diane J. Kim
Attorneys for Defendants/Counter-Claimant
FLAVOR PRODUCERS, LLC and
JEFFREY HARRIS